IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PATTY OCKEN, ) | |
| ) | 8:04CV280 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| COX COMMUNICATIONS, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion for summary judgment, Filing No. 27; plaintiff's motion for partial summary judgment or judgment on the pleadings, Filing No. 31; defendant's motion in opposition to the partial summary judgment, Filing No. 36; and defendant's motion to strike, Filing No. 46. Plaintiff brought this lawsuit alleging age discrimination in violation of 29 U.S.C. § 621 of the Age Discrimination in Employment Act (ADEA) and alleging gender, race[1] and color discrimination in violation of Title VII, 42 U.S.C. § 2000(e) and the Nebraska Fair Employment Practices Act (NFEPA), Neb. Rev. Stat. § 48-1101. For all relevant purposes, the NFEPA is patterned after Title VII.

Defendant hired plaintiff on February 18, 2001, as a manager of a sales team selling telephone and Internet services to small businesses in the Omaha area. On July 1, 2002, seventeen months after her hire, defendant terminated plaintiff. At the time of hire, plaintiff was forty-three, and at the time of discharge she was forty-four. Vice President and General Manager Hyman Sukiennik both hired and fired the plaintiff. Sukiennik was forty-five at the time he hired the plaintiff. Defendant claims it also decided to fire the only two

---

[1] The defendant has not made the race or color allegations of discrimination a part of its summary judgment motion. Consequently, the court will not address the issue of race or color in this order.

other outside sales managers, a forty-three-year-old white female—fired on July 7—and an African-American male, age thirty-nine and seven months, who accepted a demotion to a sales position in August, and who shortly thereafter resigned his employment with the defendant. Defendant contends that all three of these employees received offers of demotion, but plaintiff chose not to accept it. Plaintiff alleges that she did not receive such an offer. Defendant contends that it hired plaintiff to (1) grow the sales staff from four to six or eight persons, and (2) to increase the business in her area. Defendant argues that plaintiff failed to attain either of these goals. Plaintiff contends she did not know that she failed to meet her quotas, and at the time of discharge defendant did not share such data with her. In April 2002, and again in June 2002, plaintiff received a written warning stating that she had consistently failed to meet her quotas. Ex. 6, Ocken Dep. Thereafter, defendant fired the plaintiff. Defendant did not immediately hire a replacement sales manager. During the interim, Dave Fulton, plaintiff's supervisor, absorbed her duties. On October 28, 2002, defendant hired a thirty-five-year-old male sales manager, but defendant claims this person did not serve as a replacement for the plaintiff. It appears that this new employee resigned within two months.

## STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c); *McAllister v. Transamerica Occidental Life Ins. Co.,* 325 F.3d 997, 999 (8th Cir. 2003). When making this determination, the court's function is not to make credibility determinations and weigh

2

evidence, or to attempt to determine the truth of the matter; instead, the court must "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986); *see also Johnson v. Crooks*, 326 F.3d 995, 1007-08 (8th Cir. 2003).

The court must "look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Dulany v. Carhahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson*, 477 U.S. at 248). Summary judgment is proper when the plaintiff fails to demonstrate the existence of a factual dispute with regard to each essential element of her claim. *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 762 (8th Cir. 1995). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and [the rule] should be interpreted in a way that allows it to accomplish this purpose." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

Additionally, Rule 56(e) provides that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

*See* Fed. R. Civ. P. 56(e).

A party seeking summary judgment bears the responsibility of informing the court "of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any,' which it

believes demonstrate the absence of a genuine issue of material fact." *Tenbarge v. Ames Taping Tool Sys., Inc.*, 128 F.3d 656, 657 (8th Cir. 1997) (quoting *Celotex*, 477 U.S. at 325 (noting that the movant must show "there is an absence of evidence to support the nonmoving party's case.")). In the face of a properly supported motion, "[t]he burden then shifts to the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial.'" *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997) (quoting Fed. R. Civ. P. 56(e)). A nonmoving party may not rest upon the mere allegations or denials of its pleadings but, rather, must show specific facts, supported by affidavits or other proper evidence, showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 153 F.3d 919, 922 (8th Cir. 1998).

Summary judgment motions must be carefully used in an employment discrimination case, and the court should not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000); *Smith v. St. Louis Univ.*, 109 F.3d 1261, 1264 (8th Cir. 1997). However, summary judgment is appropriate when there is no factual dispute on an essential element of a claim. *Id.* at 1267-68.

### ADEA CLAIM

**1. Prima Facie Case**

Plaintiff alleges violation of the ADEA. The ADEA prohibits discrimination on account of age against anyone in the protected age group. 29 U.S.C. §§ 623(a)(1), 631(a). The ADEA states in part that "[I]t shall be an unlawful employment practice for an employer [to] discriminate against any individual with respect to his compensation, terms, conditions,

or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). To establish a claim under the ADEA, the plaintiff must show the defendant intentionally discriminated against her because of her age. *Ziegler v. Beverly Enterprises-Minnesota, Inc.,* 133 F.3d 671, 675 (8th Cir. 1998).

The plaintiff's claim relies on indirect or circumstantial evidence. Without direct evidence, ADEA claims are analyzed under the burden-shifting framework of *McDonnell Douglas v. Green,* 411 U.S. 792 (1973). *See Trammel v. Simmons First Bank of Searcy*, 345 F.3d 611, 613 (8th Cir. 2003) (*citing Mayer v. Nextel West Corp.*, 318 F.3d 803, 806-07 (8th Cir. 2003); *Dammen v. UniMed Medical Center*, 236 F.3d 978, 980 (8th Cir. 2001) (citations omitted). Under this framework, the plaintiff must first establish a prima facie case of age discrimination, then the burden shifts to the defendant to offer a legitimate nondiscriminatory reason for the adverse employment action, and the burden then shifts back to the plaintiff to show that the defendant's proffered reasons are pretextual. *Id. See also Allen v. City of Pocahontas, Ark.*, 340 F.3d 551, 557 (8th Cir. 2003). The burden of persuasion remains with the plaintiff throughout. *Yates v. Rexton, Inc.,* 267 F.3d 793, 799 (8th Cir. 2001).

To withstand a motion for summary judgment, the plaintiff must first establish a prima facie case. *Girten v. McRentals, Inc.*, 337 F.3d 979, 981 (8th Cir. 2003). To establish a prima facie case, the plaintiff must show: (1) she is age forty or older; (2) she met the applicable job qualifications; (3) she was discharged; and (4) age was the factor in the defendant's decision to terminate her. *Id. See also Taylor v. QHG of Springdale, Inc.*, 218 F.3d 898, 899-900 (8th Cir. 2000).

The plaintiff has established that she was over forty years old on the date of her termination, and she has also established that defendant discharged her. An employee must show that she performed and met the requirements for her position. *Erenberg v. Methodist Hosp.*, 357 F.3d 787 (8th Cir. 2004). Plaintiff admits that when hired she was responsible for growing her team to six or eight persons and that she was expected to increase her sales. Defendant claims that plaintiff failed to achieve either of those goals. Plaintiff further admits that her direct supervisor, Dave Fulton, counseled and worked with her for six months in 2002 in an attempt to achieve those goals. She also agrees that defendant placed her on a corrective action plan in April 2002, and again in June 2002. However, plaintiff alleges that she believed she was meeting her quotas because management set unrealistic goals and allowed the team to be under the expected goal. The court concludes that plaintiff has offered very little evidence in support of the second element of her prima facie case. For purposes of this motion, however, the court will assume that plaintiff has met her burden with regard to this element.

The court finds that plaintiff has failed to establish the fourth prong of her prima facie case, whether age played a factor in plaintiff's termination. First, plaintiff admits that all three sales managers lost their jobs. Plaintiff and one other sales manager were between forty and forty-five and the third manager nearly forty years of age. Defendant demoted the third manager to another position and then ultimately he resigned. Several months later, defendant hired a thirty-five-year-old, but defendant claims this person did not replace the plaintiff. The person who hired and fired plaintiff was older than plaintiff, as was her supervisor. Plaintiff has offered no other evidence of age discrimination. The

court finds plaintiff failed to establish evidence that her age was a factor in the decision to discharge her.

### 2. Pretext

However, even if the court assumes, for the sake of this motion, that the plaintiff has established a prima facie case, she has failed to establish the pretextual nature of the defendant's offered reasons. Assuming the prima facie case is established, the burden shifts to the defendant to provide legitimate nondiscriminatory reasons for its employment decision. *Yates v. Rexton, Inc.,* 267 F.3d at 799; *Dammen v. Unimed Medical Center,* 236 F.3d at 978. The defendant has offered evidence that plaintiff failed to perform her job adequately.

Once the defendant has met its burden of production, the plaintiff is required to offer proof that the proffered reason is not the true reason for her termination. *Yates*, 267 F.3d at 799; *Evers v. Alliant Techsystems, Inc.,* 241 F.3d 948, 955 (8th Cir. 2001). According to defendant, plaintiff failed to meet the expectations of her job by growing her group and increasing the sales of the group. The court finds, therefore, that the defendant has met its burden in this regard, and the plaintiff must now offer evidence of pretext. Plaintiff has offered no additional evidence that age was a factor in her discharge.

When termination of employment occurs in a relatively short period of time, there is an inference that no discrimination occurred where the same person hired and fired the employee. *See Lowe v. J.B. Hunt Transport, Inc.*, 963 F.2d 173, 174-75 (8th Cir. 1992). In *Lowe* the Eighth Circuit stated, "The short time plaintiff worked for the defendant, his age when hired, and the identity of those who hired and fired him are, in the particular circumstances of this case, fatal to his claim." *Id.* at 175. In this case, Mr. Sukiennik both

hired and fired plaintiff.  Further, plaintiff agrees that her supervisors made no age-related statements to or about her.  The court concludes that the plaintiff has failed to create an issue of material fact and, consequently, the court finds summary judgment should be granted on the age discrimination claim.

## TITLE VII - SEX DISCRIMINATION CLAIM

Defendant contends that the plaintiff has failed to state a cause of action under the provisions of Title VII because just as in the age discrimination claim, she cannot establish any evidence of an intent to discriminate on the part of defendant under the familiar burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802.  A prima facie case of discrimination requires the plaintiff to establish that she 1) is a member of a protected class; 2) was qualified to perform her job; 3) suffered an adverse employment action; and 4) was treated differently than similarly situated people on the basis of gender. *See Schoffstall v. Henderson*, 223 F.3d 818, 825 (8th Cir. 2000) (*citing Breeding v. Arthur J. Gallagher & Co.*, 164 F.3d 1151, 1156 (8th Cir. 1999)). As in the age discrimination case, if the plaintiff establishes a prima facie case, then the burden shifts to the employer to produce evidence of a legitimate nondiscriminatory reason for its action.  *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993).  If the employer succeeds in this burden of production, then the burden shifts back to the plaintiff to prove that the employer's proffered reason was a pretext for intentional discrimination. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. at 143. The ultimate burden of persuasion remains with the plaintiff throughout the case.  Plaintiff has proven that she is a member of a protected class.  She has also shown adverse employment action, as the defendant chose to terminate her from employment.  The two remaining issues, (1) whether defendant treated

plaintiff differently than others because of her gender, and (2) whether plaintiff was qualified to perform her job, must be established in order for plaintiff to establish a prima facie case. As with the age discrimination claim, the court will assume that plaintiff has established her qualifications to do the job, even though such evidence is highly disputed.

With regard to the last prong of the prima facie case, plaintiff also contends that after she and the other female manager were terminated, all managers were males from July 1, 2002, to March 10, 2003. Plaintiff contends that on several occasions she went to the Human Resources Department and complained about how defendant treated females. Filing No. 43, Ex. 3, Ocken Aff., ¶ 20. She further alleges that her quota numbers changed and that she did not know she failed to make her quota. On the contrary, she contends that she did in fact make her sales quotas. Filing No. 43, Ex. 3, Ocken Aff., ¶ 9. The court finds that plaintiff has established sufficient evidence of discrimination for the fourth prong of her prima facie case. The burden now shifts to the defendant to articulate a nondiscriminatory reason for the discharge. Again, defendant claims that plaintiff did not meet her sales quotas. The court finds this reason to be nondiscriminatory.

The burden now shifts to the plaintiff to show pretext. Plaintiff also states in her affidavit that her supervisor, Dave Fulton, told her that Sukiennik told him to "get rid of the women." Filing No. 43, Ex. 3, Ocken Aff., ¶ 24. Plaintiff's coworker, Nancy Newstrom, states that contrary to the assertions of the defendants, no one offered her an opportunity to move to another position when she was fired. Filing No. 43, Ex. 1, ¶ 8. Vanessa Marez,[2] a sales representative, stated that she overheard Dave Fulton say "show skin -

---

[2]Defendant has moved to strike this affidavit, Filing No. 46, contending that plaintiff has failed to list Marez as a witness. I am going to deny the motion for purposes of determining the summary judgment issue in this case, but I shall leave it to the magistrate to determine if this witness has been properly identified for trial.

9

only reason why women are in sales." Filing No. 43, Ex. 2, Marez Aff., ¶ 6. Further, plaintiff contends that at least two other employees, Mr. Cox and Mr. Gray, were both below quotas and no corrective action was taken for them. Filing No. 43, Ex. 3, Ocken Aff., ¶ 11. In addition, plaintiff contends that in many areas males were recognized and had different standards than did females. *Id.,* ¶ 14. Further, plaintiff's supervisor, David Fulton, admitted that he received no criticism for failing to make his revenue goals. Filing No. 43, Fulton Dep., Ex. 4, 55:12-18. Fulton also admitted that the company had "aggressive" sales quotas. *Id.* at 64:20-65:25. The court finds that the plaintiff has presented enough evidence to establish pretext. The court further finds that plaintiff has offered sufficient evidence to establish a material fact as to whether the defendant discriminated against her on the basis of gender. Consequently, this issue will be submitted to the trier of fact.

### Motion by Plaintiff for Partial Summary Judgment

Plaintiff has requested that this court grant her motion for partial summary judgment. Filing No. 31. Defendant opposes this motion. Filing No. 36. Plaintiff contends that the affirmative defenses raised by defendant are not supported by the evidence. The court has carefully reviewed the record and briefs in this regard and finds the motion should be denied. Many of defendant's affirmative defenses might be relevant at trial, depending on the evidence offered by the plaintiff.

THEREFORE, IT IS ORDERED:

1. Defendant's motion for summary judgment, Filing No. 27, is granted in part and denied in part. The motion is granted as to the claim for age discrimination.

2. The plaintiff's motion for partial summary judgment, Filing No. 31, is denied; and the defendant's motion in opposition to the partial summary judgment motion, Filing No. 36, is granted.

3. Defendant's motion to strike, Filing No. 46, is denied at this time but may be raised before the magistrate at the appropriate time.

DATED this 16th day of August, 2005.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge